| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| MIGUEL BRACAMONTES | ) | |
| GONZALEZ FRANCISCO MONTOYA, | | |
| Defendants | ) | |

This cause comes before the Court upon the following motions filed by Defendants:

    1) Motion for Inculpatory Statements of Alleged Co-Conspirators (DE-48);

    2) Motions for Disclosure of Favorable Material (DE's 49 & 57);

    3) Motions for Notice of Intent to Use 404(B) Evidence (DE's 50 & 54);

    4) Motions for all "Jenks" Material (DE's 51 & 56);

    5) Motion for Leave to File Further Pretrial Motions (DE-52);

    6) Motions for Disclosure of Rule 807 Evidence (DE's 53 & 59);

    7) Motions to Adopt all Motions filed by Co-Defendants (DE's 55 & 60); and

    8) Motion to Sequester (DE-58)

The Government has responded to these motions (DE-62), and they are now ripe for adjudication. As an initial matter, it is noted that most of these motions are discovery motions. Accordingly, Defendants are required to comply with Local Criminal Rule 16.1. Local Criminal Rule 16.1 specifically requires a defendant to preface any discovery motion with a statement that his attorney has had a discovery conference with the Government's attorney and has been refused discovery of a specific item for a particular reason. This rule enables the court to distinguish genuine discovery

disputes from exhaustively imprecise efforts by defense counsel to discover every aspect of the Government's evidence and trial strategy and to concentrate its efforts on resolving those genuine disputes. In the instant case, Defendants have not complied with Local Criminal Rule 16.1 and the discovery motions could be denied on that ground alone. Indeed, the Government's response indicates that these motions are generally moot. Defendants are admonished to adhere to the local rules in the future.

**Motion for inculpatory statements**

Defendant Gonzales Francisco Montoya seeks disclosure of all inculpatory statements made by co-defendants or co-conspirators that the Government intends to introduce at trial pursuant to Federal Rule of Evidence 801(d)(2)(E) (DE-48). In its response, the Government indicates that "[a]ll known statements of the defendants, . . . . .inculpatory or exculpatory, if any, have previously been produced by the government in discovery" (DE-62, pg. 3). Thus, this request appears to be moot. Regardless, the Fourth Circuit has specifically addressed this issue and held that the plain language of Federal Rule of Criminal Procedure 16(a)(1)(A) pertains only to the discovery of statements "made by the defendant and does not mention nor does it apply to discovery of statements made by co-conspirators." United States v. Roberts, 811 F.2d 257, 258 (4th Cir. 1987); United States v. King, 121 F.R.D. 277, 280 (E.D.N.C. 1988). Rather, statements by co-conspirators are governed solely by 18 U.S.C. § 3500(a)("The Jencks Act"). The Jencks Act specifically excludes statements of Government witnesses or prospective witnesses from pre-trial discovery. Pursuant to The Jencks Act, the Government is not required to disclose statements of government witnesses or prospective government witnesses until after the witnesses have testified at trial. Accordingly, Defendant Montoya's motion is DENIED to the extent it requests the early disclosure of any

2

statements made by co-defendants or co-conspirators. Of course, the Government is still obligated to make available any statements or reports of witnesses that are potentially exculpatory pursuant to Brady v. Maryland, 373 U.S. 83 (1962), and its progeny.

**Motion for Disclosure of Favorable Material**

Defendants also seek an order requiring the Government to produce various materials "pursuant to the Fifth and Sixth Amendments to the Constitution of the United States, the holdings of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and Rule 16 of the Federal Rules of Criminal Procedure." Once again, the Government's response indicates that these requests were unnecessary (DE-62, pg. 3-4). Likewise, as noted above, Defendants' fail to allege that the Government has refused discovery of a specific item for a particular reason. Regardless, the Government's duty under Brady is self-executing and no order is necessary to invoke it. Moreover, to the extent they may not have already done so, the Government is ORDERED to provide Defendants with all discovery required by Rule 16 of the Federal Rules of Criminal Procedure. Defendants' Motions for Disclosure of Favorable Material (DE's 49 & 57) are otherwise DENIED.

**Rule 404(b) Motions**

Defendants request that the Government disclose the date, nature and circumstances of all evidence showing other crimes, wrongs or acts not charged in the indictment which the government intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence (DE's 50 & 54). Yet again, these requests appear moot because the Government responds that it "has not identified any evidence for which a Rule 404(b) notice would be required" (DE-62, pg. 4).

Regardless, in a criminal case Rule 404(b) requires the prosecution, upon request by the accused, to "provide reasonable notice in advance of trial . . . of the general nature of any [ 404(b)]

evidence it intends to introduce at trial." Fed. R. Evid. 404(b). The rule does not entitle the defendant to discovery of the 404(b) evidence itself. Nonetheless, these motions are GRANTED to the extent that Defendants request notice of the general nature of any 404(b) evidence the Government intends to introduce at trial. This notice shall be provided by the Government at least one week prior to trial. Defendants' requests are DENIED to the extent that Defendants seek disclosure of the 404(b) evidence itself.

**Motion for all "Jenks" Material**

Defendants also request production of "Jencks" material prior to the beginning of trial (DE's 51 & 56). However, as noted above, the Jencks Act provides: "**after a witness called by the United States has testified on direct examination**, the court shall, on motion of the defendant, order the United States to produce any statement of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(a)(emphasis added). Defendant's request for the early production of this material is clearly contrary to the plain language of the Jencks Act.

Nevertheless, in its response, the Government has agreed to provide witness statements the week prior to the commencement of its case-in-chief (DE-62, pg. 5). Therefore this motion is also moot.

For these reasons, Defendants' motions for the early production of "Jenks" material (DE's 51 & 56) are DENIED.

**Motion for Leave to File Further Pretrial Motions**

Defendant Gonzales Francisco Montoya seeks an order "granting leave to file further pretrial motions as necessary in this matter" (DE-52). The scheduling order in this matter set April 8, 2010

4

as the deadline for filing pretrial motions. Defendant Montoya now requests leave to file motions out of time indefinitely. He does so with no argument in support. Defendant Montoya's failure to comply with Local Criminal Rule 16.1 has already been noted. With regard to this motion he has also disregarded Local Criminal Rule 47.1, which requires that motions be accompanied by a memorandum in support. Regardless, because Defendant Montoya has not shown good cause for an indefinite extension, this request (DE-52) is DENIED.

**Motion for Disclosure of Rule 807 Evidence**

Defendants seek an order requiring the Government to disclose any evidence that it anticipates attempting to introduce pursuant to Rule 807 of the Federal Rules of Evidence during any hearing or during the trial of this case (DE's 53 & 59). Rule 807 addresses the "residual exception" to the hearsay rule. It requires the proponent of Rule 807 evidence to make "known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant" F.R.E. 807.

In response the Government indicates, not surprisingly, that "it is not presently aware of any statements that it would seek to introduce under Rule 807 of the Federal Rules of Criminal Procedure (the residual hearsay exception)" (DE-62, pg. 5).

Thus, these motions (DE's 53 & 59) are DENIED as moot. Nonetheless, to the extent the Government seeks to introduce hearsay evidence, it is ORDERED to abide by Rule 807, if applicable.

**Motion to Adopt Motions of Co-Defendants**

Next, Defendants request the entry of an order "permitting . . .[them] to adopt, to the extent

5

applicable to him, all motions filed by any co-defendant in the above-referenced case." (DE's 55 & 60). Again, this request is made with no argument in support and no memoranda attached. Therefore, the motiosn could be denied for those reasons alone.

Moreover, Defendants request that the Court parse through every motion to determine whether it is "applicable" to another Defendant. Presumably, the Court would then also determine which facts and argument presented in support of said request are most "applicable" to any co-Defendants. No mention is made of how the Court should handle any conflict of interest that may arise as Defendants are permitted to "adopt" the arguments of co-Defendants with regard to "all motions filed."

Regardless, this request essentially attempts to circumvent the requirements of Local Criminal Rule 47.1 and is therefore DENIED.

**Motion to Sequester**

Defendant Miguel Bracamontes "moves this Court for an order (1) sequestering all witnesses the Government intends to call during trial, and (2) prohibiting the Government's prosecutor, case agent(s) and/or previously called witnesses from revealing anything about the trial testimony to other of the Government's investigators or non-law enforcement witnesses who will be Government witnesses at trial" (DE-58).

The Government consents to this motion to the extent that the case agent be allowed to be present during trial of this matter, and to the extent any sequestration order includes any and all witnesses, except the Defendants, that may testify for the Defendants.

Rule 615 of the Federal Rules of Evidence states in pertinent part, "at the request of a party the court **shall** order witnesses excluded so that they cannot hear other witnesses."(emphasis added).

6

Thus, this Court has little discretion when faced with a request for the sequestration of witnesses. However, Rule 615 excludes from sequestration "an officer or employee of a party which is not a natural person designated as its representative by its attorney." It is clear that, pursuant to this exception, the trial court may allow the Government's investigative agents to remain present during trial despite a sequestration order. *See* F.R.E. 615 Advisory Committee Notes, 1974 Enactment. *See also*, United States v. Parodi, 703 F.2d 768, 773 (4th Cir. 1983)("the district court has a right to make an exception from a general rule of sequestration in favor of the chief investigating agent of the government involved in a trial"). However, the undersigned will not be the trial judge in this matter, and the extent to which this exception should be applied is committed to the sound discretion of the trial judge. *See* United States v. Marson, 408 F.2d 644, 650 (4th Cir. 1968). Accordingly, Defendant Bracamontes' Motion to Sequester (DE-58) is GRANTED. However, the Government may request to have its investigative agents exempted from this sequestration order at an appropriate time before the trial judge in this matter. Likewise, the Government's request that all defense witnesses (other than Defendants) be excluded is also GRANTED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 20th day of May, 2010.

_____
William A. Webb
U.S. Magistrate Judge